# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**IN RE:**

| | |
|---|---|
| **CHRISTOPHER LEITCH** | Case No. No.: 21-11601-KHK |
| **AKA CHRIS LEITCH** | Chapter 13 |
| **Debtor** | |

-------------------------------------------------------------------

**SILVIA LEITCH**
    **Movant**

v.                                                              Case No. _____

**CHRISTOPHER LEITCH**
    **Debtor**

**and**

**THOMAS PL. GORMAN, CHAPTER 13 TRUSTEE**
    **Respondents**

### MOTION FOR RELIEF FROM STAY AND RELIEF FROM CO-DEBTOR STAY PURSUANT TO 11 USC §1301( c)(3)

NOTICE

IN COMPLIANCE WITH LOCAL RULE 4001(A)-1, YOU ARE HEREBY ADVISED AS FOLLOWS:

    Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one)

    If you do not wish the Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within 14 days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the Movant. Unless a written response is filed and served within this 14-day period, the

Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the 14-day period. You will be notified separately of the hearing date on the motion.

## MOTION

Silvia Leitch, ("Movant"), by counsel, respectfully moves that the automatic stay be terminated with respect to the real property known as 15310 Maribelle Place, Woodbridge, VA 22193 ("Maribelle Property), or alternatively, that this Court determine that Debtor has no interest in Maribelle Place and abandon the same, and for her reasons states as follows:

## JURISDICTION

1. On September 18, 2021, Debtor filed in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, a petition for relief under Chapter 13, Title 11, United States Code, Case No. 21-11601 ("Petition").

2. This is a motion pursuant to Bankruptcy Rules 4001 and 9014, 11 U.S.C. §§ 362 and 1301 seeking relief from the automatic stay, and 11 U.S.C. §544 seeking that the Court abandon the Maribelle Property.

3. The Court possesses subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334.

4. This is a core proceeding.

## CLAIM FOR RELIEF

5. Movant is the former wife of the Debtor.  On July 30, 2021 in divorce proceedings conducted in the Circuit Court of Prince William County, Virginia, the state court entered a Final

Order of Divorce which, *inter alia*, incorporated the May 21, 2021 Term Sheet of Stipulations ("Term Sheet") between Movant and Debtor. The Final Order of Divorce and Term Sheet shall hereinafter be collectively referred to as the "FOD" and are attached hereto as **Exhibit A**.

6. Pursuant to Paragraph 5 of the Term Sheet, Movant was awarded the Maribelle Property.

7. Pursuant to Paragraphs 5, 6, 16 and 17, the Debtor's interest in the Maribelle Property, stipulated to be $183,995.90, was offset by the Movant's interest in the Randolph Court Property stipulated to be $79,245.50, Movant's interest in Debtor's T. Rowe Price CACI 401K stipulated to be $156,667.50 and Movant's interest in Debtor's Dyncorp 401K stipulated to be $20,000, less any mortgage payments on the Maribelle Property post execution of the Term Sheet. Debtor expended the funds in the T. Rowe Price CACI 401K plan during the divorce proceedings despite an order of the state court prohibiting him from doing so, as a result of which the state court found the Debtor to be in contempt.

8. Debtor made one mortgage payment on the Maribelle Property, resulting in the amount due to Movant being $69,886.87, as reflected on page 2 of the FOD, one of half of which was paid by Movant, with the balance being represented by a Promissory Note in the amount of $34,943.44 secured by a Deed of Trust against the Randolph Court property of the Debtor. The Promissory Note and Deed of Trust are attached as **Exhibits B and C** respectfully.

9. Notwithstanding that Debtor had actual knowledge of the foregoing, Debtor falsely claimed that he had equity in the Maribelle Place property of $290,250, and he failed to identify the debt to the Movant as a secured Debt. Debtor also failed to disclose to this Court that he was indebted to the Movant in the amount of $46,000, representing an award of attorney's fees and costs incurred by the Movant in the divorce case to, among other things,

obtain spousal and child support.  Movant has filed Proofs of Claim with regard to these amounts.

10. The Debtor has no actual interest in and/or equity in the Maribelle Property.

11. In his proposed Chapter 13 Plan, Debtor proposed to surrender the Maribelle Property.

12. In accordance with the terms of the FOD, Movant has arranged to refinance the existing mortgage on the Maribelle Property which will relieve Debtor from any obligations on the Wells Fargo Home Mortgage of approximately $242,000, a debt identified by Debtor.

13. There is a lack of adequate protection of the Movant's interest in the Maribelle Property as the Debtor is not in a financial position to cure the delinquencies due to his creditors, including the Movant, nor has the Debtor offered Movant adequate protection for the Movant's 100% interest in the Property.

14. The Maribelle Property is not necessary for a successful reorganization of the Debtor.

15. In reality, the Maribelle Property is not actually a part of the bankruptcy estate because Debtor has no actual interest in the property.

WHEREFORE, Movant, Silvia Leitch, by counsel, respectfully requests that the automatic stay provisions of 11 U.S.C. §362 be terminated with respect to the Maribelle Property, that an Order be entered recognizing that Debtor has no interest therein and that the Maribelle Property is not part of the bankruptcy estate; or in the alternative, that the Maribelle Property be abandoned from the bankruptcy estate pursuant to the provisions of 11 U.S.C. §554(b); for her attorney's fees and costs incurred herein; and for such other and further relief which as to equity may seem just.

        **SILVIA M. LEITCH,**
        Creditor

**VAUGHN LAW FIRM PLC**
1433 New Monrovia Road
Colonial Beach, Virginia 22443
(703) 689-2100 Telephone
rvaughn@oconnorandvaughn.com

By /s/Robert L. Vaughn, Jr._____
Robert L. Vaughn, Jr., VSB 20633
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of November, 2021, the following person(s) were or will be served a copy of the foregoing Notice via the CM/ECF system:

Thomas P. Gorman, Trustee
300 N. Washington St. Ste. 400
Alexandria, VA 22314

Christina T. Parrish, Esq.
12934 Harbor Drive, Suite 107
Woodbridge, VA 22192

Christopher Leitch aka Chris Leitch (via mail)
4655 Whitaker Place
Woodbridge, VA 22193

Matthew C. Rawls, Esq.
BWW Law Group, LLC
8100 Three Chopt Rd. Suite 240
Richmond, VA 23229

Mary F. Balthasar Lake, Esquire
LOGS Legal Group LLP
10021 Balls Ford Road, Suite 200
Manassas, VA 20109

        /s/Robert L. Vaughn, Jr._____
        Robert L. Vaughn, Jr.

NOTICE

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AT THE FOLLOWING ADDRESS: **CLERK OF COURT, UNITED STATES BANKRUPTCY COURT, 200 SOUTH WASHINGTON STREET, ALEXANDRIA, VA 22314**, AND SERVE A COPY ON THE MOVANT'S ATTORNEY AT THE ADDRESS SHOWN BELOW. UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS FOURTEEN DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, THREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF.

IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THAT THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE FOURTEEN-DAY PERIOD.

ATTEND THE PRELIMINARY HEARING SCHEDULED TO BE HELD ON **NOVEMBER 22, 2021 AT 9:30 A.M., IN COURTROOM III, UNITED STATES BANKRUPTCY COURT, 200 SOUTH WASHINGTON STREET, ALEXANDRIA, VIRGINIA.**

                **SILVIA M. LEITCH,**
                Creditor

**VAUGHN LAW FIRM PLC**
1433 New Monrovia Road
Colonial Beach, Virginia 22443
(703) 689-2100 Telephone
rvaughn@oconnorandvaughn.com

By /s/Robert L. Vaughn, Jr.
Robert L. Vaughn, Jr., VSB 20633
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 1ST day of November, 2021, the following person(s) were or will be served a copy of the foregoing Notice via the CM/ECF system:

Thomas P. Gorman, Trustee
300 N. Washington St. Ste. 400
Alexandria, VA 22314

Christina T. Parrish, Esq.
12934 Harbor Drive, Suite 107
Woodbridge, VA 22192

Christopher Leitch aka Chris Leitch (via mail)
4655 Whitaker Place
Woodbridge, VA 22193

Matthew C. Rawls, Esq.
BWW Law Group, LLC
8100 Three Chopt Rd. Suite 240
Richmond, VA 23229

Mary F. Balthasar Lake, Esquire
LOGS Legal Group LLP
10021 Balls Ford Road, Suite 200
Manassas, VA 20109

                /s/Robert L. Vaughn, Jr.
                Robert L. Vaughn, Jr.