## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE:

| | |
|---|---|
| CHRISTOPHER LEITCH | Case No. No.: 21-11601-KHK |
| AKA CHRIS LEITCH | Chapter 13 |
| Debtor | |

## MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY

## NOTICE

IN COMPLIANCE WITH LOCAL RULE 4001(A)-1, YOU ARE HEREBY ADVISED AS FOLLOWS:

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one)

If you do not wish the Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within 14 days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the Movant. Unless a written response is filed and served within this 14-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the 14-day period. You will be notified separately of the hearing date on the motion.

## MOTION

Silvia Leitch, ("Movant"), by counsel, respectfully moves that this Court compel the Trustee to abandon the real property known as 15310 Maribelle Place, Woodbridge, VA 22193 ("Maribelle Property), as the Debtor has no actual interest in the Maribelle Property, or alternative find that the Maribelle Property is of inconsequential value and benefit to the estate and abandon the same, and for her reasons states as follows:

## JURISDICTION

1. On September 18, 2021, Debtor filed in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, a petition for relief under Chapter 13, Title 11, United States Code, Case No. 21-11601 ("Petition").

2. This is a motion pursuant to Bankruptcy Rules 6007(b) and 11 U.S.C. §554(b) seeking to compel the Trustee to abandon any purported interest of the estate in the Maribelle Property.

## CLAIM FOR RELIEF

3. Movant is the former wife of the Debtor.  On July 30, 2021 in divorce proceedings conducted in the Circuit Court of Prince William County, Virginia, the state court entered a Final Order of Divorce which, *inter alia*, incorporated the May 21, 2021 Term Sheet of Stipulations ("Term Sheet") between Movant and Debtor.  The Final Order of Divorce and Term Sheet shall hereinafter be collectively referred to as the "FOD" and are attached hereto as **Exhibit A**.

4. At the time of the divorce, the parties owned two jointly titled parcels of real estate, the Maribelle Property and 14068 Randolph Court, Woodbridge, Virginia 22193 (Randolph Court Property).  Pursuant to Paragraph 5 of the Term Sheet, Movant was awarded the Maribelle Property, and pursuant to Paragraph 6 thereof, Debtor was awarded the Randolph Court property.

4.     The Randolph Court property is encumbered by a Deed of Trust securing a promissory note solely in the name of the Debtor.  In compliance with her obligations under the FOD, the Movant timely executed and delivered a Deed to Debtor acknowledging that she no longer had an interest in the Randolph Court Property.

5.     The Maribelle Property is encumbered by a Deed of Trust securing a promissory note presently held and/or serviced by Wells Fargo Home Mortgage in the approximate amount of $242,000 ("Mortgage").  Pursuant to paragraph 5 of the Term Sheet, the Movant is required to refinance the Mortgage within 13 months of May 21,202.  Contemporaneous with the refinance, the Debtor is required to execute a Deed acknowledging that he has no interest in the property.

6.     Pursuant to Paragraphs 5, 6, 16 and 17 of the Term Sheet, the parties equitably divided their respective monetary interests in the martial property, including the foregoing real estate, such that at the end, the Debtor was indebted to the Movant in the amount of $69,886.67. By the terms of the Final Order of Divorce, one-half of the $69,886.67, to-wit: $34,943.34 was paid by Debtor to the Movant in August.  The balance of the sum due to Movant was represented by a Promissory Note from Debtor to Movant in the amount of $34,943.44, secured by a Deed of Trust against the Randolph Court Property ("Promissory Note").  The Promissory Note and Deed of Trust are attached as **Exhibits B and C** respectfully.

7.     Notwithstanding that Debtor had actual knowledge that he had no interest in the Maribelle Property, Debtor falsely claimed that he had equity in the property of $290,250.

8.     Notwithstanding that Debtor had actual knowledge that the Promissory Note was secured by a Deed of Trust against the Randolph Court Property, having been the one who signed both the note and the Deed of Trust,  Debtor failed to identify the debt to the Movant as a

secured Debt in his filing.

9. Notwithstanding that he had actual knowledge that Movant held a judgment against him in the amount of $46,000, only a portion of the amount incurred by the Movant in the divorce case to, among other things, obtain spousal and child support, and notwithstanding that the Debtor filed this Chapter 13 proceeding to the specific purpose of obtaining a stay of the collection proceedings on that judgment, Debtor failed to disclose the judgment.

10. Movant has filed Proofs of Claim with regard to these amounts.

11. The Debtor has no actual interest in and/or to the Maribelle Property. At best, the Maribelle Property is of inconsequential value and benefit to the estate.

12. In his proposed Chapter 13 Plan, Debtor proposed to surrender the Maribelle Property.

13. In accordance with the terms of the FOD, Movant has obtain approval for a loan to refinance the existing mortgage on the Maribelle Property, which refinance will relieve Debtor from any obligations on the Wells Fargo Home Mortgage of approximately $240,000.

14. Movant is at risk of losing approval of the refinance loan unless this Court forthwith orders the Trustee to abandon the Maribelle Property and orders that Debtor promptly execute a Deed to Movant acknowledging his lack of interest therein.

15. The Maribelle Property is not necessary for a successful reorganization of the Debtor.

WHEREFORE, Movant, Silvia Leitch, by counsel, respectfully requests that this Court compel the Trustee to abandon any purported interest the bankruptcy estate may have in the Maribelle Property; order the Debtor to forthwith execute a Deed acknowledging that he has no interest in the property; for her attorney's fees and costs incurred herein; and for such other and

further relief which as to equity may seem just.

                **SILVIA M. LEITCH,**
                **Creditor**

**VAUGHN LAW FIRM PLC**
1433 New Monrovia Road
Colonial Beach, Virginia 22443
(703) 689-2100 Telephone
rvaughn@oconnorandvaughn.com

By /s/Robert L. Vaughn, Jr._____
Robert L. Vaughn, Jr., VSB 20633
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

   I certify that on this 22nd day of November, 2021, the following person(s) were or will be served a copy of the foregoing Notice via the CM/ECF system:

Thomas P. Gorman, Trustee
300 N. Washington St. Ste. 400
Alexandria, VA 22314

Martin Conway, Esq.
12934 Harbor Drive, Suite 107
Woodbridge, VA 22192

Christopher Leitch aka Chris Leitch (via mail)
4655 Whitaker Place
Woodbridge, VA 22193

Matthew C. Rawls, Esq.
BWW Law Group, LLC
8100 Three Chopt Rd. Suite 240
Richmond, VA 23229

Mary F. Balthasar Lake, Esquire
LOGS Legal Group LLP
10021 Balls Ford Road, Suite 200
Manassas, VA 20109

               /s/Robert L. Vaughn, Jr._____
                Robert L. Vaughn, Jr.

NOTICE

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AT THE FOLLOWING ADDRESS: **CLERK OF COURT, UNITED STATES BANKRUPTCY COURT, 200 SOUTH WASHINGTON STREET, ALEXANDRIA, VA 22314**, AND SERVE A COPY ON THE MOVANT'S ATTORNEY AT THE ADDRESS SHOWN BELOW. UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS FOURTEEN DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, THREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF.

IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THAT THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE FOURTEEN-DAY PERIOD.

ATTEND THE PRELIMINARY HEARING SCHEDULED TO BE HELD ON **DECEMBER 9, 2021 AT 1:30 P.M., IN COURTROOM III, UNITED STATES BANKRUPTCY COURT, 200 SOUTH WASHINGTON STREET, ALEXANDRIA, VIRGINIA.**

        **SILVIA M. LEITCH,**
        Creditor

**VAUGHN LAW FIRM PLC**
1433 New Monrovia Road
Colonial Beach, Virginia 22443
(703) 689-2100 Telephone
rvaughn@oconnorandvaughn.com

By /s/Robert L. Vaughn, Jr._____
Robert L. Vaughn, Jr., VSB 20633
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I certify that on this 22ND day of November, 2021, the following person(s) were or will be served a copy of the foregoing Notice via the CM/ECF system:

Thomas P. Gorman, Trustee
300 N. Washington St. Ste. 400
Alexandria, VA 22314

Martin Conway, Esq.
12934 Harbor Drive, Suite 107
Woodbridge, VA 22192

Christopher Leitch aka Chris Leitch (via mail)
4655 Whitaker Place
Woodbridge, VA 22193

Matthew C. Rawls, Esq.
BWW Law Group, LLC
8100 Three Chopt Rd. Suite 240
Richmond, VA 23229

Mary F. Balthasar Lake, Esquire
LOGS Legal Group LLP
10021 Balls Ford Road, Suite 200
Manassas, VA 20109

        /s/Robert L. Vaughn, Jr._____
        Robert L. Vaughn, Jr.