**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | ) | |
|---|---|---|
| In re:   Christopher Leitch, | ) | Case No: 21-11601-KHK |
| | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| _____ | ) | |

### RESPONSE TO SILVIA LEITCH'S MOTION TO COMPEL

Christopher Leitch (the "Debtor"), by counsel, responds to Silvia Leitch's ("Movant's") Motion to Compel Trustee to Abandon Property (Doc. 37) and states as follows:

1. Debtor filed his petition for Chapter 13 bankruptcy relief on September 18, 2021.

2. On November 22, 2021, the Movant filed a Motion to Compel the Chapter 13 Trustee to abandon the property 15310 Maribelle Place, Woodbridge, VA 22193 (the "Maribel Place Property").

3. Movant has filed 2 Proofs of Claim.

4. POC #6 lists Movant as a secured creditor in the amount of $34,943.44. The claim asserts Movant is secured by a second deed of trust on the real property located at 14068 Randolph Court, Woodbridge, Virginia (the "Randolph Court Property").

5. POC #7 lists Movant as a priority and secured creditor having a judgment lien on the Randolph Court and Maribel Place Properties.

6. Movant and Debtor were married until their marital union was severed in the Final Decree of Divorce entered by the Prince William County Circuit Court on July 30, 2021.

7. Neither POC ## 6 nor 7 are identified by the Circuit Court as support obligations.

8. The Final Decree of Divorce was entered within the 90-day preference period prior the order for relief. Since POC ## 6 and 7 fall within the preference period, they may be

voided under 11 U.S.C. §547 as the Movant is receiving more than she would otherwise be entitled to receive as a general unsecured creditor in a chapter 7 liquidation.

9. Furthermore, in a chapter 7 proceeding, the Chapter 7 Trustee could sell both the Maribel Place and Randolph Court Properties to satisfy the Debtor's significant unsecured claims.

10. Movant did not perfect her title to the Maribel Place Property prior to the order of relief. While the Prince William Circuit Court had the power to transfer title to the Maribel Place Property in the final decree of divorce under Va. Code §20-107.3 (G), it did not do so, and instead Debtor was to be taken off the title when Movant refinanced or sold the Property. These events have not occurred.

11. An equitable distribution award is a dischargeable debt in a chapter 13 proceeding under the super discharge of 11 U.S.C. §1328(a), meaning Movant's rights can be adjusted in a chapter 13 proceeding, and she is treated as any other creditor having a claim against the Debtor.

12. The Movant is attempting to perfect her pre-petition preferences post-petition.

13. In POC # 6, Movant claims to be a secured creditor due to her deed of trust on the Randolph Court Property.

14. The Movant is, in fact, an unsecured general creditor with no priority standing.

15. The deed of trust in which the Debtor conveys the Randolph Court property to Robert Vaughan, Trustee was a nullity at the time it was signed, as the document was only signed by the Debtor on July 1, 2021, yet the tenants by the entireties into which the Property had been placed was not severed until the Final Decree on July 30, 2021. Only both spouses together may alienate marital assets prior to the Final Decree.

16. Furthermore, the Movant signed her interest in the Randolph Court Property to the Debtor via a special warranty deed. The Movant warranted to the Debtor that she had no claims against the Property. The Movant specifically references the first deed of trust in her special warranty deed, stating the conveyance is subject thereto, and omits all reference to her second deed of trust. Debtor cannot enforce her deed of trust without violating her deed covenants under Virginia Code § 55.1-355 because the unexcepted deed of trust is a "claim" on the title to the Property.

17. Basically, the Movant is attempting to remove from the bankruptcy estate the very collateral that Debtor would use to pay his debts to his unsecured creditors, including the Movant.

18. Movant's motion is unripe, preferential, and prejudicial to Debtor, the bankruptcy estate and his many unsecured creditors.

19. For the reasons above, the Debtor respectfully requests that the Movant's Motion to Compel the Chapter 13 Trustee to Abandon Property be denied.

WHEREFORE, Christopher Leitch, responds to Silvia Leitch's Motion to Compel the Chapter 13 Trustee to Abandon Property by requesting that the motion be denied.

CHRISTOPHER LEITCH

BY COUNSEL

/s/ Martin C. Conway
Martin C. Conway (VSB No. 34334)
Conway Law Group, PC
12934 Harbor Drive, Suite 107
Woodbridge, VA 22192
855-848-3011
571-285-3334 (facsimile)
*Counsel for the Debtors*

## **CERTIFICATE OF SERVICE**

  I certify that on <u>December 2, 2021</u>, I electronically filed the foregoing with the United States Bankruptcy Court for the Eastern District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case, and the below parties:

Robert L. Vaughn, Jr.
VAUGHN LAW FIRM PLC
1433 New Monrovia Road
Colonial Beach, Virginia 22443
*Attorney for Movant*

Thomas P. Gorman
300 N. Washington St. Ste. 400
Alexandria, VA 22314
*Chapter 13 Trustee*

                <u>/s/ Martin C. Conway</u>
                Martin C. Conway