## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

# CHAPTER 13 PLAN
# AND RELATED MOTIONS

**Name of Debtor(s):** Leitch, Christopher                     **Case No:** 21-11601

This Plan, dated _____12/08/2021_____, is:

☑  the Chapter 13 Plan filed in this case.

☐  a modified Plan that replaces the
   ☐ confirmed or ☑ unconfirmed Plan dated _____09/18/2021_____

   Date and Time of <u>Modified Plan</u> Confirmation Hearing:
   1/13/2022 at 1:30pm

   Place of <u>Modified Plan</u> Confirmation Hearing:
   Judge Kindred's Courtroom, 200 S. Washington Street, 3rd Floor, Courtroom III, Alexandria, VA

   The Plan provisions modified by this filing are:
   2, 5A, 12

   Creditors affected by this modification are:
   All creditors

1.    **Notices**

**To Creditors:**
**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.**

**(1)  Richmond and Alexandria Divisions:**
The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.
**(2)  Norfolk and Newport News Divisions: a confirmation hearing will be held even if no objections have been filed.**
   (a)  A scheduled confirmation hearing will not be convened when:
      (1)  an amended plan is filed prior to the scheduled confirmation hearing; or
      (2)  a consent resolution to an objection to confirmation anticipates the filing of an amended plan and the objecting party removes the scheduled confirmation hearing prior to 3:00 pm on the last business day before the confirmation hearing.

**In addition, you may need to timely file a proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

**Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ☑ Not Included |
| C. | Nonstandard provisions, set out in Part 12 | ☑ Included | ☐ Not Included |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Case No.: 21-11601
Debtor(s):  Leitch, Christopher

Chapter 13 Plan

2. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $700.00 per month for 60 months. Other payments to the Trustee are as follows: Debtor to list both properties for sale in June of 2022. The total amount to be paid into the Plan is $254,316.00 .

3. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   **A. Administrative Claims under 11 U.S.C. § 1326.**

   1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

   2. Check one box:

   ☑ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $3,483.00 , balance due of the total fee of $5,488.00 concurrently with or prior to the payments to remaining creditors.

   ☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

   **B. Claims under 11 U.S.C. § 507**

   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| IRS | Taxes or Penalties Owed to Governmental Units | $81,000.00 | Pro-Rata / 60 Months |
| VA DEPT OF TAXATION | Taxes or Penalties Owed to Governmental Units | $11,000.00 | Pro-Rata / 60 Months |

   **C. Claims under 11 U.S.C. § 507(a)(1)**

   The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|

4. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   **A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor / Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|

   **B. Real or Personal Property to be Surrendered.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Case No: 21-11601
Debtor(s): Leitch, Christopher

**Chapter 13 Plan**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| Wfhm | 15310 MARIBELLE PL Woodbridge, VA 22193 | $580,500.00 | $241,826.00 |

**C.    Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| USAA Federal Savings Bank | 2019 Nissan Altima | | Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.    Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor / Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|
| USAA Federal Savings Bank 2019 Nissan Altima | $15,699.00 | 4.25 % | Mo. 1 - 59, $290.90 Mo. 60, $256.50 |
| Leitch, Silvia 14068 Randolph Court Woodbridge, VA 22193 | $46,000.00 | 0.00 % | Pro-Rata / 60 Months |

**E.    Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

**5.    Unsecured Claims.**

**A.    Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately _____100 %____. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately _____0.00____.

**B.    Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Case No.: 21-11601
Debtor(s):  Leitch, Christopher

Chapter 13 Plan

6. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor / Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|
| Mr. Cooper (Secured) 14068 Randolph Court Woodbridge, VA 22193 | $1,895.82 | | 0.00% | | |

B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor / Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|
| | | | | |

C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor / Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|
| | | | |

7. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| | |

B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| | | | | |

8. **Liens Which Debtor(s) Seek to Avoid.**

A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor / Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|
| | | | |

[ver. 10/18]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Case No.: 21-11601

Debtor(s):  Leitch, Christopher

Chapter 13 Plan

---

**B.    Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|

9.    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.

- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.

- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.

- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

10.    **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

11.    **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

12.    **Nonstandard Plan Provisions**

☐    **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

**Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.**

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.C.**

\* see attached addendum

**Dated:** _____12/09/2021_____

**X** /s/ Christopher Leitch _____

Christopher Leitch
Debtor 1 (Required)

_____/s/ Martin C. Conway_____

**Debtor(s)' Attorney**

**X** _____

Debtor 2 (Required)

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:**      **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on _____12/09/2021_____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

_____/s/ Martin C. Conway_____
Signature

_____12934 Harbor Drive 107_____

_____Woodbridge, VA 22192_____
Address

_____
Telephone No:

**CERTIFICATE OF SERVICE PURSUANT TO RULE 7004**

I hereby certify that on _____12/09/2021_____ true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):   Silvia Leitch and USAA Federal Savings

[X]      by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

[X]      by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P.

_____/s/ Martin C. Conway_____
Signature of attorney for debtor(s)

**ADDENDUM**

## 12. Nonstandard Plan Provisions:

**1.    EDVA -- Deficiencies From Surrender of Collateral**

Any unsecured proof of claim for a claim of deficiency that results from the surrender and liquidation of collateral noted in Part 4B of this Plan must be filed or amended by the earlier of the following or such claim shall be forever barred: (1) within 30 days of the date of the first confirmation order confirming a plan providing for the surrender of said collateral, (2) within the time period for the filing of an unsecured deficiency claim as established by any Order granting relief from the automatic stay with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.

**2.    EDVA -- Payment of Claims, Generally:**

--All creditors must timely file a proof of claim to receive any payment from the Trustee.

--If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.

--If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.

-- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**3.    EDVA -- Student Loan Text**

***ATTN: STUDENT LOAN PROVIDERS/SERVICERS. Attn: Fed Loan Servicing, ECMC, Navient, Department of Education and any other parties holding Government guaranteed student loan(s), servicers and guarantors (Collectively referred to hereafter as "Ed"): The Debtor(s) is/are not seeking nor does this Plan provide for any discharge, in whole or in part of their individual or joint student loan obligation(s). The Debtor(s) shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education William D. Ford Federal Direct Loan Program, including but not limited to the Public Service Loan Forgiveness program, without disqualification due to The Debtor's(s') bankruptcy, if otherwise eligible under Federal law. Any direct payment(s) made from the Debtor(s) to Ed since the filing of the Debtor's(s') petition shall be applied to any IDR plan in which the the Debtor(s) was/were enrolled prepetition, including but not limited to the Public Service Loan Forgiveness program, or pursuant to applicable federal regulations. Ed shall not be required to allow enrollment in any IDR unless the Debtor(s) otherwise qualifies(y) for such plan. During the pendency of any application by the the Debtor(s) to consolidate the Debtor's(s') student loans, to enroll in an IDR, direct payment of the Debtor's(s') student loan(s) under an IDR, or during the pendency of any default in payment of the student loan(s) under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor(s') normal monthly statements regarding payments due and other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.

**4.**    Debtor will list the Randolph Court property for sale by March 31, 2022. Debtor will list the Mirabelle Place property for sale by June 30, 2022, after his children have finished the school year. The proceeds from the sale of these properties will be used to fund the plan.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:  Leitch, Christopher

Case No. _____ 21-11601 _____

Chapter 13

Debtor(s)

## SPECIAL NOTICE TO SECURED CREDITOR

To:  USAA Federal Savings Bank _____, Attn: Wayne Peacock, CEO, 10750 McDermott FwySan Antonio, TX 78288
    *Name of creditor*

Motor vehicle _____
    *Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes *(check one)*:

☑   To value your collateral. **See Section 4 of the plan.** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. **See Section 8 of the plan.** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. **You should read the attached plan carefully for the details of how your claim is treated.**
The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:                             1/6/2022

Date and time of confirmation hearing:          1/13/2022 at 1:30pm

Place of confirmation hearing:                  Judge Kindred's Courtroom, 200 S. Washington Street, 3rd Floor, Courtroom III, Alexandria, VA

                                                Christopher Leitch
                                                *Name(s) of debtor(s)*

                                                By:  /s/ Martin C. Conway
                                                *Signature*

                                                ☑   Debtor(s)' Attorney
                                                ☐   Pro se debtor

                                                Martin C. Conway
                                                *Name of attorney for debtor(s)*

                                                12934 Harbor Drive 107 Woodbridge, VA 22192
                                                *Address of attorney [or pro se debtor]*

                                                Tel. #   855-848-3011

                                                Fax #    571-285-3334

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☐   first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☑   certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this _____9th_____ day of _____December_____, 20_21_.

                                                _____
                                                /s/ Martin C. Conway
                                                *Signature of attorney for debtor(s)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:  Leitch, Christopher

Debtor(s)

Case No. _____ 21-11601 _____

Chapter 13

## SPECIAL NOTICE TO SECURED CREDITOR

To:  Leitch, Silvia                              , Attn:
    _Name of creditor_

    14068 Randolph Court Woodbridge, VA 22193
    _Description of collateral_

Robert L. Vaughn, Jr.
VAUGHN LAW FIRM PLC
1433 New Monrovia Road
Colonial Beach, Virginia 22443

1. The attached chapter 13 plan filed by the debtor(s) proposes *(check one)*:

  ☑  To value your collateral. ***See Section 4 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

  ☐  To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 8 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

**2. *You should read the attached plan carefully for the details of how your claim is treated.***
The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:

Date and time of confirmation hearing:

Place of confirmation hearing:

1/06/2022

1/13/2022 at 1:30pm

Judge Kindred's Courtroom, 200 S. Washington Street,
3rd Floor, Courtroom III, Alexandria, VA

Christopher Leitch
_Name(s) of debtor(s)_

By:  /s/ Martin C. Conway
_Signature_

  ☑  Debtor(s)' Attorney
  ☐  Pro se debtor

Martin C. Conway
_Name of attorney for debtor(s)_

12934 Harbor Drive 107 Woodbridge, VA 22192
_Address of attorney [or pro se debtor]_

Tel. #  855-848-3011

Fax #  571-285-3334

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

  ☑  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

  ☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this _____9th_____ day of _____December_____, 20 _21_ .

/s/ Martin C. Conway
_Signature of attorney for debtor(s)_

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Christopher** | **Leitch** | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **Eastern District of Virginia** | |
| Case number | **21-11601** | | |
| (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition
chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income                                                12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Employment

| 1. Fill in your employment information. | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers. | Employment status | ☑ Employed  ☐ Not Employed | ☐ Employed  ☐ Not Employed |
| | Occupation | IT | |
| Include part time, seasonal, or self-employed work. | Employer's name | CACI, Inc. Federal | |
| | Employer's address | 12021 Sunset Hills Road | |
| Occupation may include student or homemaker, if it applies. | | Number Street | Number Street |
| | | | |
| | | Reston, VA 20190 | |
| | | City        State    Zip Code | City        State    Zip Code |
| | How long employed there? | 5 months | |

### Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | 2.    $5,665.10 | $0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. +    $0.00 | +    $0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4.    $5,665.10 | $0.00 |

| Debtor 1 | Christopher | | Leitch | Case number *(if known)* 21-11601 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here...................................................➔ | 4. | $5,665.10 | $0.00 |
| **5.** **List all payroll deductions:** | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $1,040.53 | $0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $0.00 | $0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $434.89 | $0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | $0.00 |
| 5e. **Insurance** | 5e. | $56.01 | $0.00 |
| 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| 5g. **Union dues** | 5g. | $0.00 | $0.00 |
| 5h. **Other deductions.** Specify: **See additional page** | 5h. + | $90.52 | + $0.00 |
| **6.** **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $1,621.95 | $0.00 |
| **7.** **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $4,043.15 | $0.00 |
| **8.** **List all other income regularly received:** | | | |
| 8a. **Net income from rental property and from operating a business, profession, or farm** | | | |
| Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $354.18 | $0.00 |
| 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | |
| Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | $0.00 |
| 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| 8f. **Other government assistance that you regularly receive** | | | |
| Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. | | | |
| Specify: | 8f. | $0.00 | $0.00 |
| 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| 8h. **Other monthly income.** Specify: *VA Disability* | 8h. + | $1,992.00 | + $0.00 |
| **9.** **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $2,346.18 | $0.00 |
| **10.** **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | 10. | $6,389.33 | + $0.00 | = $6,389.33 |

**11.** State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____    11. + _____ $0.00

**12.** **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies    12. | $6,389.33

**Combined monthly income**

**13.** Do you expect an increase or decrease within the year after you file this form?

☐ No.
☑ Yes. Explain: | Debtor expects to complete a cash out finance of the rental property, and from that, expects to make a lump sum payment into the case after Year 1. |

| Debtor 1 | **Christopher** | | **Leitch** | Case number *(if known)* 21-11601 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

|  | Amount |
|---|---|

**5h. Other Deductions For Debtor 1**

| | |
|---|---|
| Dental | $25.08 |
| Accident | $2.71 |
| CIA Critical Illness | $9.21 |
| IWO Employer Fee | $4.17 |
| Roth 401K | $49.36 |

**Schedule I: Your Income**

Fill in this information to identify your case:

| Debtor 1 | Christopher | | Leitch |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Eastern District of Virginia**

Case number (if known)    **21-11601**

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses                                  12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No

      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No

   ☑ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 10 years | ☐ No.  ☑ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No

   ☐ Yes

## Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J,* check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $1,475.00 |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. | $0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $6.71 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $30.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | **Christopher** | | **Leitch** | Case number *(if known)* 21-11601 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | | | Your expenses |
|---|---|---|---|

5. **Additional mortgage payments for your residence,** such as home equity loans — 5. — $0.00

6. **Utilities:**
  6a. Electricity, heat, natural gas — 6a. — $210.55
  6b. Water, sewer, garbage collection — 6b. — $0.00
  6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. — $151.06
  6d. Other. Specify: _____ — 6d. — $0.00

7. **Food and housekeeping supplies** — 7. — $637.00

8. **Childcare and children's education costs** — 8. — $0.00

9. **Clothing, laundry, and dry cleaning** — 9. — $65.00

10. **Personal care products and services** — 10. — $20.00

11. **Medical and dental expenses** — 11. — $100.73

12. **Transportation.** Include gas, maintenance, bus or train fare.
   Do not include car payments. — 12. — $180.00

13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. — $0.00

14. **Charitable contributions and religious donations** — 14. — $0.00

15. **Insurance.**
   Do not include insurance deducted from your pay or included in lines 4 or 20.
   15a. Life insurance — 15a. — $8.96
   15b. Health insurance — 15b. — $0.00
   15c. Vehicle insurance — 15c. — $95.01
   15d. Other insurance. Specify: _____ — 15d. — $0.00

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
   Specify:  Personal Property Tax — 16. — $37.21

17. **Installment or lease payments:**
   17a. Car payments for Vehicle 1 — 17a. — $0.00
   17b. Car payments for Vehicle 2 — 17b. — $0.00
   17c. Other. Specify: _____ — 17c. — $0.00
   17d. Other. Specify: _____ — 17d. — $0.00

18. **Your payments of alimony, maintenance, and support that you did not report as deducted
   from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. — $1,250.00

19. **Other payments you make to support others who do not live with you.**
   Specify:  Child Support — 19. — $1,288.00

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***
   20a. Mortgages on other property — 20a. — $0.00
   20b. Real estate taxes — 20b. — $0.00
   20c. Property, homeowner's, or renter's insurance — 20c. — $0.00
   20d. Maintenance, repair, and upkeep expenses — 20d. — $0.00
   20e. Homeowner's association or condominium dues — 20e. — $0.00

| Debtor 1 | **Christopher** | | **Leitch** | Case number *(if known)* 21-11601 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| 21. | **Other.** Specify: _____ See Additional Page _____ | 21. | **+** | $133.15 |
|---|---|---|---|---|

**22.  Calculate your monthly expenses.**

| | | | |
|---|---|---|---|
| 22a. Add lines 4 through 21. | | 22a. | $5,688.38 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | 22b. | $0.00 |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | | 22c. | $5,688.38 |

**23.  Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. Copy line 12 (your combined monthly income) from *Schedule I.* | | 23a. | $6,389.33 |
| 23b. Copy your monthly expenses from line 22c above. | | 23b. **−** | $5,688.38 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | | 23c. | $700.95 |

**24.  Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.    None

Debtor 1  **Christopher**                    **Leitch**                    Case number *(if known)* 21-11601
          First Name        Middle Name        Last Name

|  | Amount |
|---|---:|
| **12.** **Transportation: gas, maintenance, bus or train fare** | |
| Gasoline | $150.00 |
| Maintenance | $30.00 |
| **21.** **Other** | |
| Gym Membership | $13.15 |
| Children's activities | $120.00 |

Amex
PO Box 981540
El Paso, TX 79998

Bank of America
4909 Savarese Circle
Tampa, FL 33634

Blankenship Keith
4020 University Dr Ste 300
Fairfax, VA 22030

Citibank
907 GREAT BRIDGE BLVD
Chesapeake, VA 23321

Claudia Zucker Law Firm
1840 Wilson Blvd. Ste 205
Arlington, VA 22201

I RS
PO Box 7346
Philadelphia, PA 19101-0000

Silvia Leitch
15310 MARIBELLE PL
Woodbridge, VA 22193

Leith, Silvia
15310 MARIBELLE PL
Woodbridge, VA 22193

Mr. Cooper
350 Highland
Houston, TX 77067

Richard Adamy CPA
3408 Austin Court
Alexandria, VA 22310

Silvia Leitch
15310 Maribelle Place
Woodbridge, VA 22193

US Bank/RMS
Attn: Bankruptcy
PO Box 5229
Cincinnati, OH 45201-5229

USAA Federal Savings Bank
PO Box 47504
San Antonio, TX 78265-0000

VA DEPT OF TAXATION
PO BOX 2369
Richmond, VA 23218-0000

Robert L Vaughn, Jr
1433 New Monrovia Road
Colonial Beach, VA 22443

Vaughn Jr, Robert L

Veteran's Reporters, Inc.
1160 Jordan Springs Rd
Stephenson, VA 22656


Wells Fargo Bank NA
MAC X2303-01A
1 Home Compus
Des Moines, IA 50328-0010


Wfhm
Attn: Bankruptcy
PO Box 10335
Des Moines, IA 50306-0335