# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: Chris Leitch | ) | Case No: 21-11601-KHK |
| | ) | Chapter 13 |
| Debtor | ) | |
| —————————————— | ) | |
| | ) | |
| Chris Leitch | ) | Adversary Proceeding No._____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Thomas P. Gorman, | ) | |
| | ) | |
| Chapter 13 Trustee | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Silvia Leitch | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————— | ) | |

## COMPLAINT TO SET ASIDE PREFERENTIAL TRANSFER

Chris Leitch, Debtor in the above-captioned case and Plaintiff, by counsel files this Complaint to Set Aside Preferential Transfer Pursuant to 11 U.S.C. § 547(b).

### Jurisdiction and Venue

1. This Court has jurisdiction over the motion to avoid preferential transfers Section 506 of the Bankruptcy Code pursuant to 28 U.S.C. §§ 1334(b), 157(b) and the Standing Order issued by the United States District Court for the Eastern District of Virginia dated August 15, 1984 regarding the Administration of the Bankruptcy Courts and Reference of Bankruptcy Cases and Proceedings to the Bankruptcy Judges of this District.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b) (2) (K) and (F).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background and Facts

4. Debtor filed a Chapter 13 Petition before this Court on September 18, 2021 ("Petition Date").

5. Debtor and Defendant were married until their marital union was severed in the Final Decree of Divorce entered by the Prince William County Circuit Court on July 30, 2021 case number CL19-2883-00; CL19-2883-01 (Attached as Exhibit A).

6. Debtor owns real estate in Prince William County identified on Schedule A as 14068 Randolph Court, Woodbridge, Virginia (the "Randolph Court Property").

## Count 1 (Avoidance of Preferential Transfer)

7. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 4 through 6 of the Complaint as though fully set forth in this first cause of action.

8. The Final Decree of Divorce was entered within the 90 days prior to the filing of the Debtor's petition.

9. The effect of the judgment would enable the Defendant to obtain more than it would receive under Chapter 7 of the Bankruptcy Code if the judgment had not been secured.

## Count 2 Declaration of Adversary Rule 7001(2) Determining Validity, Priority or Extent of a Lien

10. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 4 through 6 of the Complaint as though fully set forth in this first cause of action.

11. Defendant filed a Proof of Claim (POC # 6) and claims to be a secured creditor due to her deed of trust on the Randolph Court Property. (Attached as Exhibit B)

12. Defendant asserts that she is a secured creditor in the amount of $34,943.44 by a second deed of trust on the Randolph Court property.

13. The deed of trust in which the Debtor conveys the Randolph Court property to Robert Vaughan, Trustee was a nullity at the time it was signed, as the document was only signed by the Debtor on July 1, 2021, yet the tenants by the entireties into which the Property had been placed was not severed until the Final Decree on July 30, 2021. Only both spouses together may alienate marital assets prior to the Final Decree.

14. Furthermore, the Defendant conveyed her interest in the Randolph Court Property to the Debtor via a special warranty deed. The Defendant warranted to the Debtor that she had no claims against the Property. The Defendant specifically references the first deed of trust in her special warranty deed, stating the conveyance is subject thereto, and omits all reference to her second deed of trust. Debtor cannot enforce deed of trust without violating deed covenants under Virginia Code § 55.1-355 because the unexcepted deed of trust is a "claim" on the title to the Property. (Attached as Exhibit C).

WHEREFORE, Plaintiff Chris Leitch requests this Court enter an Order:

A.   Disallowing any claims held or filed by Sylvia Leitch; and

B.   For costs and for such other relief as the Court deems just and proper.

>Chris Leitch
>By Counsel
>
>/s/ Martin C. Conway
>Martin C. Conway (VSB #34334)
>Conway Law Group, PC
>12934 Harbor Drive, Suite 107
>Woodbridge, VA 22192
>855.848.3011
>571.285.3334 (facsimile)
>martin@conwaylegal.com
>*Counsel for Debtor*